# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALTOWAN NIXON,<br><br>Petitioner,<br><br>v.<br><br>GEORGE ROBINSON,<br><br>Respondent. | Civil Action No. 18-15248 (SDW)<br><br>MEMORANDUM OPINION |

IT APPEARING THAT:

1. On or about October 17, 2018, Petitioner Altowan Nixon, filed a petition for a writ of habeas corpus challenging his 1995 state court conviction which resulted in a life sentence with a thirty-year parole disqualifier. (ECF No. 1).

2. Because Petitioner had not paid the applicable filing fee, this Court administratively terminated this matter on November 5, 2018. (ECF No. 2).

3. Following Petitioner's payment of the filing fee, this Court screened his petition and dismissed it without prejudice as Petitioner had failed to clearly identify the grounds for relief which he desired to raise. (ECF No. 3; ECF Docket Sheet; ECF No. 4).

4. Although this Court provided Petitioner with leave to file an amended petition in that Order, this Court specifically brought to Petitioner's attention another issue – that his petition appeared to be time barred. (ECF No. 4 at 2-3). As this Court explained,

> Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which in most case begins to run with the conclusion of direct review or the time for seeking such review, including the 90-day period for the filing of a certiorari petition to the United States Supreme Court. S*ee Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v.*

1

> *Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A).
>
> Here, Petitioner's direct appeal concluded with the denial of certification on June 17, 1998. (ECF No. 1 at 4). His conviction became final ninety days later on September 15, 1998. (*Id.*). Petitioner thereafter filed his PCR petition on June 10, 1999. (*Id.*). Petitioner's one year statute of limitations was thereafter tolled pursuant to statutory tolling until that petition ceased to be pending in the state courts, *see Jenkins*, 705 F.3d at 85 (habeas limitations period statutorily tolled while properly filed state court PCR petition is pending in the state courts), with the denial of certification on that petition on June 6, 2002. (*Id.* at 5). Petitioner did not file another PCR petition until March 28, 2004, nearly two years later. Based on this time line, nine months of Petitioner's one-year limitations period expired prior to Petitioner's filing of his first PCR petition, and the remaining three months expired between the conclusion of Petitioner's first PCR petition and his filing of a second almost two years later. Petitioner's habeas petition thus appears to be time barred absent some basis for equitable tolling.

(*Id.*). Based on these facts, as well as the intervening years which passed *after* Petitioner's three attempts at filing PCR petitions had run their course in the state courts, this Court specifically directed Petitioner to address the time bar issue should he choose to file an amended petition. (*Id.*).

5. On or about December 21, 2018, Petitioner filed an amended petition. (ECF No. 5). Although Petitioner provided more information in his amended petition as to what claims he wishes to raise before this Court, he failed to comply with this Court's order directing him to address the time bar issue. (*Id.*).

6. On January 7, 2019, this Court entered an order to show cause which again directed Petitioner to explain why his petition should not be dismissed as time barred within forty-five days. (ECF No. 6). Although more than forty-five days have passed, Petitioner has not filed a response.[1] (ECF Docket Sheet).

---

[1] This Court notes that the Order to Show Cause mailed to Petitioner was returned as undeliverable. (ECF No. 7). Pursuant to Local Civil Rule 10.1(a), a habeas petitioner is required to inform the

7. As this Court explained above and has previously brought to Petitioner's attention on two occasions, Petitioner's current habeas petition is clearly time barred absent some basis for equitable tolling or a later start date for the limitations period than the date on which his conviction became final. Despite being given the opportunity to do so, Petitioner has failed to provide any basis for equitable tolling, nor does this Court perceive any such basis from Petitioner's filings.

8. As to a later starting date for the habeas limitations period, Petitioner has presented no clear argument to that effect, but his claims appear to suggest that Petitioner believes he should be considered timely because his claims arise out of the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), which was applied retroactively to cases on collateral review by the Court's later decision in *Montgomery v. Louisiana*, --- U.S. ---, 136 S. Ct. 718 (2016).

9. Pursuant to 28 U.S.C. § 2244(d)(1)(C), a petitioner's habeas limitations period will run from the date "on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review," where that date is later than the date on which his conviction became final. *Miller* and *Montgomery*, however, did not recognize the right Petitioner appears to be claiming –

---

Court of any change in his address within seven days. The Rule thus creates "an affirmative duty" applicable to even pro se litigants, and the failure of a litigant to meet this duty can result in sanctions up to and including dismissal of his case. *See, e.g., Archie v. Dep't of Corr.*, No. 12-2466, 2015 WL 333299, at *1-2 (D.N.J. Jan. 23, 2015). Petitioner in this matter has failed to comply with the rule insomuch as he failed to provide the Court with an up to date address within seven days of the date on which his address changed as indicated by the return of his mail as undeliverable. Although this Court will not dismiss Petitioner's habeas petition pursuant to Local Civil Rule 10.1(a), in light of his failure to provide the Court with an up to date address in the month that has passed since the order was returned as undeliverable, this Court will not excuse his failure to respond to the Order to Show Cause because of the order's return. The rules clearly put the onus on Petitioner to ensure that his address is up to date, and it is solely because of Petitioner's failure to do so that he has not received the Order to Show Cause. This Court has twice accorded Petitioner an opportunity to explain why his petition should not be found untimely and Petitioner clearly received at least one of those orders and failed to comply. Petitioner's failure to respond to either of those two opportunities shall therefore not be excused.

3

that his life sentence with a thirty-year period of parole ineligibility violates the Eighth Amendment. In *Miller*, the Court determined only that a sentencing scheme that imposed "mandatory life without parole for those under the age of 18 at the time of their crimes" violated the Eighth Amendment. 567 U.S. at 465. The right the Court recognized was thus expressly limited to statutory schemes requiring that a juvenile offender receive life without parole without any consideration of factors including his age and maturity. *Id.* at 468-69. The Court left completely untouched those schemes which only imposed such a sentence after consideration of such factors, and likewise in no way invalidated sentences for juveniles of less than life without parole. *Id.* Indeed, in making *Miller* retroactive, the Court in *Montgomery* specifically explained that any *Miller* error would be remedied where a state adopts a sentencing scheme which provides for eventual parole ineligibility. *Montgomery*, 136 S. Ct. at 736 (citing with approval Wyoming's statute which provides for parole eligibility for juvenile homicide convicts after 25 years). As the Appellate Division explained to Petitioner in denying him relief under *Miller*, *Montgomery*, and their state court progeny, Petitioner was not sentenced under a scheme requiring life without parole for juvenile offenders and did not himself receive a sentence of life without parole – instead he was sentenced to life with a thirty-year period of parole ineligibility. (*See* Document 1 attached to ECF No. 5 at 31). Petitioner thus received exactly the sort of sentence the Court in *Montgomery* explained did not violate *Miller*'s prohibitions. Petitioner has therefore not presented a valid *Miller* claim, and *Miller* does not provide a basis for a later starting date for his habeas limitations period. Petitioner's habeas petition is thus clearly time barred, and must be dismissed as such.

10. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court judgment unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this

4

standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court dismisses the petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court erred in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred . . . or that the petition should be allowed to proceed further." Id. For the reasons expressed above, Petitioner's habeas petition is clearly time barred and Petitioner has failed to show that he is entitled to equitable tolling. As such, jurists of reason could not debate this Court's dismissal of Petitioner's habeas petition as time barred, and Petitioner's habeas petition does not warrant encouragement to proceed further. Petitioner is therefore denied a certificate of appealability.

11. In conclusion, Petitioner's habeas petition is DISMISSED as time barred and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

Dated: February 25, 2019
                 *s/ Susan D. Wigenton*
                 Hon. Susan D. Wigenton,
                 United States District Judge