# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALTOWAN NIXON,<br><br>Petitioner,<br><br>v.<br><br>GEORGE ROBINSON,<br><br>Respondent. | Civil Action No. 18-15248 (SDW)<br><br>MEMORANDUM OPINION |

IT APPEARING THAT:

1. On or about October 17, 2018, Petitioner Altowan Nixon, filed a petition for a writ of habeas corpus challenging his 1995 state court conviction which resulted in a life sentence with a thirty-year parole disqualifier. (ECF No. 1).

2. Following an order to show cause why Petitioner's habeas petition should not be dismissed as time barred, this Court dismissed Petitioner's petition as time barred by way of an order and memorandum opinion issued on February 25, 2019. (ECF Nos. 6-9).

3. As this Court explained in dismissing Petitioner's habeas petition,

> Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which in most case begins to run with the conclusion of direct review or the time for seeking such review, including the 90-day period for the filing of a certiorari petition to the United States Supreme Court. S*ee Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A).
>
> Here, Petitioner's direct appeal concluded with the denial of certification on June 17, 1998. (ECF No. 1 at 4). His conviction became final ninety days later on September 15, 1998. (*Id.*). Petitioner thereafter filed his PCR petition on June 10, 1999. (*Id.*). Petitioner's one year statute of limitations was thereafter tolled pursuant to statutory tolling until that petition ceased to be pending

> in the state courts, *see Jenkins*, 705 F.3d at 85 (habeas limitations period statutorily tolled while properly filed state court PCR petition is pending in the state courts), with the denial of certification on that petition on June 6, 2002. (*Id.* at 5). Petitioner did not file another PCR petition until March 28, 2004, nearly two years later. Based on this time line, nine months of Petitioner's one-year limitations period expired prior to Petitioner's filing of his first PCR petition, and the remaining three months expired between the conclusion of Petitioner's first PCR petition and his filing of a second almost two years later.

(ECF No. 9 at ¶ 4).

4. In dismissing the petition, this Court further explained that Petitioner did not have a valid *Miller v. Alabama*, 567 U.S. 460 (2012), claim, and that Petitioner had provided no basis for equitable tolling or a later start date for the statute of limitations than the date Petitioner's conviction became final. (ECF No. 9 at ¶ 7-9).

5. On March 12, 2019, this Court received a letter from Petitioner which this Court construes to be a motion seeking reconsideration of the dismissal of Petitioner's habeas petition pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 10). In that letter, which largely discusses the merits of Petitioner's underlying claim rather than the time bar issue, Petitioner admits that, absent a later start date, his "time to file [a] habeas petition had expired" by the time he had pursued his second PCR petition. (*Id.* at 3). Petitioner argues, however that he should receive a later start date because he filed a motion to correct an illegal sentence – which was denied – in May 27, 2015, and pursued that motion up through the New Jersey Courts until the New Jersey Supreme Court denied certification on May 1, 2018. (*Id.*). Petitioner presents no other argument in support of his request to have his petition reinstated other than to express his opinion that his sentence is "unfair." (*Id.* at 4).

6. The scope of a motion to amend a judgment pursuant to Rule 59(e) is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed

2

"only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)). In this context, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011).

7. Pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period applicable to § 2254 normally runs from the date on which the petitioner's conviction became final including the time for seeking *direct* appellate review. The filing of a later collateral review petition – such as the motion to correct an illegal sentence Petitioner filed in 2015 – does not restart the one-year limitations period. Petitioner is therefore incorrect that his limitations period should reset because he filed a collateral review motion "twenty years after [his] conviction became final." (*See* ECF No. 10 at 3). The filing of an unsuccessful collateral review motion in the state court has no effect on the start date of the one-year habeas limitations period, and thus Petitioner's habeas petition remains well and truly time barred for the reasons expressed above and in this Court's prior memorandum opinion. As Petitioner presents no other cogent argument for why he should receive equitable tolling or a later start date for his limitations period, Petitioner has presented no valid basis for reconsideration as this Court has not overlooked any dispositive issue of fact or law nor did the Court err in dismissing the petition. Petitioner's Rule 59(e) motion is therefore denied.

8. In conclusion, Petitioner's motion for reconsideration brought pursuant to Fed. R. Civ. P. 59(e) (ECF No. 10) is DENIED.  An appropriate order follows.



Dated: March 18, 2019 	*s/ Susan D. Wigenton*
	Hon. Susan D. Wigenton,
	United States District Judge